**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-62743-CIV-SMITH**

BA NGHI LE,

Petitioner,

v.

CYNTHIA LAWSON-SWAIN, *et al.*,

Respondents.
_____________________________________________/

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court upon the Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE 1], Respondents' Response to Order to Show Cause [DE 11], and Petitioner's Reply [DE 12]. Petitioner challenges his warrantless arrest and seeks release from custody or a new, constitutionally adequate custody determination.

Based on the record, Petitioner entered the United States without inspection, admission, or parole on July 25, 2024. On that date, Petitioner was taken into custody by U.S. Customs and Border Protection ("CBP"), issued a Notice to Appear, and released on his own recognizance. Thereafter, Petitioner filed a defensive asylum application, obtained employment authorization, established a fixed Florida residence, worked, paid taxes, and developed family and community ties. On August 28, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner during a vehicle stop and took him into custody without a warrant. Petitioner was not driving the car. On August 29, 2026, ICE issued a Warrant for Arrest of Alien, which was served on Petitioner on August 31, 2026. On September 10, 2026, Petitioner had a custody redetermination hearing before an immigration judge. The immigration judge found Petitioner to be a flight risk and denied

his request for release on bond. On September 28, 2026, Petitioner filed a motion to reconsider bond determination, which remains pending.

Respondents do not contest that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). Instead, Respondents argue that the proper course of action is for Petitioner to appeal the immigration judge's detention decision. Respondents further argue that the BIA's decision to detain or release an arrested alien on bond is discretionary and not reviewable by this Court. The Court agrees. As this Court has previously stated:

> [T]he Court does not have jurisdiction to review the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *Guzman v. Mullin*, No. 2:26-CV-01238-SPC-DNF, 2026 WL 1216472, at *2 (M.D. Fla. May 5, 2026) (concluding that there is no "authority to review an immigration judge's discretionary bond decision" and that "the Board of Immigration Appeals is the proper venue to raise" arguments regarding the validity of an immigration judge's bond decision); *Jimenez v. Warden*, No. 2:26-CV-872-KCD-DNF, 2026 WL 895990, at *1 (M.D. Fla. Apr. 1, 2026) ("Federal district courts have limited jurisdiction. We do not possess a roving mandate to step into the shoes of an immigration court to . . . directly reconsider an immigration bond denial in this posture."); *R.R.C. v. Streeval*, No. 4:25-CV-525 (CDL), 2026 WL 734999, at *2 (M.D. Ga. Mar. 16, 2026) ("[T]o the extent that Petitioners challenge the individualized decision-making of the immigration judge under the facts of their specific cases, this Court does not have jurisdiction to review those decisions."). Ultimately, given § 1226(e), Petitioner has not shown that this Court has the authority to override the bond decision of the immigration judge.

*Duarte v. Lyons*, No. 26-61966-SMITH, DE 8 (S.D. Fla. Aug. 14, 2026). Thus, to the extent Petitioner challenges the immigration judge's discretionary determination that Petitioner presents a flight risk, the Petition is denied.

Petitioner also challenges the legality of his warrantless arrest. Even if Petitioner's initial warrantless arrest was unlawful, the Court does not find that the defect would necessarily entitle him to release, given the issuance of a warrant one day after his arrest and that he is subject to immigration detention pending the completion of his removal proceedings. *See, e.g., Ismorin v.*

*Miami ICE Field Off. Dir.*, No. 26-62469-CIV-WPD (S.D. Fla. Sept. 23, 2026) (citing *Salcido Mendez v. Sec'y of Homeland Sec.*, No. 5:26-CV-03145-SB-AJR, 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026) (explaining that because petitioner has not shown that the defect would entitle him to release, release is not the proper remedy, and the proper remedy would be to give the government an opportunity to cure the defect)). Thus, while Petitioner's initial arrest may have been illegal, Respondents cured the issue by issuing the arrest warrant under which Petitioner is currently being held.

Accordingly, it is,

**ORDERED** that:

1. The Petition for Writ of Habeas Corpus [DE 1] is **DENIED without prejudice.**
2. All pending motions are **DENIED as moot.**
3. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of October, 2026.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE